## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| Jamie Homme,<br><br>             Plaintiff,<br><br>      -against-<br><br>Experian Information Solutions, Inc., and<br>Celtic Bank Corp. d/b/a Celtic Bank,<br><br>             Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND<br>FOR JURY TRIAL** |

Plaintiff Jamie Homme, by and through counsel, and as for this Complaint against Defendants Experian Information Solutions, Inc. ("Experian" or "Bureau") and Celtic Bank Corp. d/b/a Celtic Bank ("CBC"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2), as a substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff resides here, and the Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., also known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Delaware, County of New Castle.

5. At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7. Experian is an Ohio corporation registered to do business in Delaware. Experian may be served with process upon its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

9. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

10. CBC has an address at 268 S State St, Ste 300, Salt Lake City, UT 84111.

11. CBC is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the above allegations as if set forth here.

13. On or prior to 2022, Plaintiff had an Indigo-branded individual account with CBC beginning with account number starting with the number "510004" ("Account").

14. On information and belief, on date(s) better known to the Bureau, it issued credit reports concerning the Plaintiff that included two CBC tradelines.

15. However, Plaintiff did not have two accounts with CBC.

16. Plaintiff only had one account with CBC.

17. The two accounts numbers both begin with the numbers "510004".

18. The information being reported is for the same account.

19. The two accounts have identical dates opened (12/2018), credit limit, and responsibility noted as Individual Account.

20. Among other issues, the Bureau was reporting both tradelines as delinquent for April 2020.

21. The information furnished by Defendant CBC and published by the Bureau is inaccurate.

22. The Bureau has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

23. Plaintiff notified the Bureau that she disputed the accuracy of the information it was reporting on or around June 25, 2022 ("Dispute").

24. Plaintiff stated in her Dispute that the two CBC accounts are duplicates of each other and should be removed.

25. The Bureau is required to notify CBC of Plaintiff's dispute.

26. It appears and is therefore averred that the Bureau notified CBC of Plaintiff's dispute.

27. Upon receipt of the dispute of the account by the Plaintiff from the Bureau, CBC failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

28. Had CBC done a reasonable investigation it would have been revealed to CBC that the tradelines are inaccurate.

29. This is particularly so because the beginning of the account number, creditor, and date opened for the two accounts are identical.

30. A reasonable investigation by Defendants would have revealed that the tradelines are duplicates and are being incorrectly reported.

31. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed accounts, Defendants did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

32. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

33. Defendants' actions described herein violated 15 U.S.C. § 1681i.

34. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

35. CBC continues to furnish credit data which is inaccurate and materially misleading, and the Bureau's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

36. In contrast to the Bureau, Plaintiff's credit reports with non-parties TransUnion and Equifax, which are credit reporting agencies, do not contain these reporting inaccuracies.

<u>Damages</u>

37. As a result of Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

38. Defendants' erroneous reporting continues to affect Plaintiff's reputation, creditworthiness, and credit score.

39. Plaintiff suffered damage to her reputation as it falsely appears as if she delinquent on two accounts.

40. The false information was published to numerous third-parties.

41. This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful business, trade, or profession.

42. Plaintiff was denied credit due to Defendants' actions.

43. Plaintiff was denied when she applied for a credit card.

44. Plaintiff was denied a Capital One Bank credit card.

45. Plaintiff was denied a Discovery Bank credit card.

46. Plaintiff was denied a JP Morgan Chase credit card.

47. Plaintiff has suffered damages, *inter alia*, by way of loss of time and money in trying to rectify Defendants' willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for

credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

## FIRST CAUSE OF ACTION

**(Willful Violation of the FCRA as to the Bureau)**

48. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

49. This is an action for willful violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

50. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained concerning the Plaintiff.

51. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

52. The Bureau has willfully and recklessly failed to comply with the FCRA. The failure of the Bureau to comply with the FCRA include, but are not necessarily limited to, the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

f) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

53. As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damages as described above.

54. The conduct, action and inaction of the Bureau was willful rendering the Bureau liable for actual, statutory and punitive damages in an amount to be determined pursuant to 15 U.S.C. § 1681n.

55. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against the Bureau, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

**(Negligent Violation of the FCRA as to the Bureau)**

56. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

57. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

58. The Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that the Bureau maintained concerning the Plaintiff.

59. The Bureau violated 15 U.S.C. § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

60. The Bureau has negligently failed to comply with the FCRA. The failure of the Bureau to comply with the FCRA include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    c) The failure to promptly and adequately investigate information which the Bureau had notice was inaccurate;

    d) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    e) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised the Bureau to delete;

    f) The failure to take adequate steps to verify information the Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

    g) The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

61. As described above, and as a result of the conduct, action, and inaction of the Bureau, Plaintiff suffered damage as described above.

62. The conduct, action, and inaction of the Bureau was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

63. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against the Bureau for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## **THIRD CAUSE OF ACTION**

### (Willful Violation of the FCRA as to CBC)

64. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

65. This is an action for willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

66. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

67. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

68. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

69. CBC violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute of the Plaintiff, failing to review all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

70. CBC continued to report these accounts on the Plaintiff's credit report after being notified of her dispute regarding the inaccuracies in relation to said accounts.

71. As described above, and as a result of the conduct, action, and inaction of CBC, Plaintiff suffered damage as described above.

72. The conduct, action, and inaction of CBC was willful, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

73. The Plaintiff is entitled to recover reasonable costs and attorney's fees from CBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, an individual, demands judgment in her favor against CBC for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to CBC)

74. Plaintiff incorporates the allegations in the paragraphs above the First Cause of Action as if set forth here.

75. This is an action for negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

76. Pursuant to the FCRA, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

77. Pursuant to the FCRA, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

78. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

79. As described above, CBC is liable to the Plaintiff for negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2 (b).

80. After receiving the Dispute notice from the Bureau, CBC negligently failed to conduct its reinvestigation in good faith.

81. A reasonable investigation would require a furnisher such as CBC to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

82. The conduct, action and inaction of Defendant CBC was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

83. As described above, and as a result of the conduct, action, and inaction of CBC, Plaintiff suffered damage as described above.

84. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CBC in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, an individual, demands judgment in the favor against CBC for damages, together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

85. Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For Statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d) For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For Punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3); and d

g) For any such other and further relief as this Court may deem just and proper.

Dated: October 31, 2022

**GARIBIAN LAW OFFICES, P.C.**

*s/ Antranig Garibian*
Antranig Garibian, Esq. (Bar No. 4962)
1010 N. Bancroft Pkwy, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Attorneys for Plaintiff*